UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD F. OLLI,

    Plaintiff,

v.                                          CASE NO. 8:18-cv-761-T-23AEP

LAKE ERIE COLLEGE OF
OSTEOPATHIC MEDICINE, INC.,

    Defendant.
_____/

**<u>ORDER</u>**

Edward F. Olli sues (Doc. 1) his former employer, Lake Erie College, for breach of contract. Olli alleges that Lake Erie College breached the "implied duty of good faith and fair dealing present in" Olli's employment contract because Lake Erie College failed to "actual[ly] evaluat[e]" Olli's job performance and failed to render a "reasonable good faith determination . . . that Olli's [job] performance was not acceptable." (Doc. 1 at ¶¶ 14, 18–19) Lake Erie College moves (Doc. 21) for summary judgment. Olli opposes. (Doc. 22)

In April 2015, Lake Erie College hired Olli to join the School of Dental Medicine as a professor. (Doc. 22-1 at 1) A year later, Olli transferred from Lake Erie College's DeFuniak Springs clinic to Lake Erie College's Bradenton campus. (Doc. 21-1 at 2; Doc. 21-7 at 17:3–9, 46:6) As part of the transfer, Olli signed a "Faculty Employment Agreement," the term of which extended from June 9, 2016,

to June 8, 2018. (Doc. 21-8 at 3–11; Doc. 21:7 at 46:7–13) Section 4.3 of the Agreement states:

> Notwithstanding anything to the contrary contained herein, [Lake Erie College] shall have the right to evaluate [Olli's] performance throughout the Contract Term. If [Lake Erie College] determines, in its sole discretion, that [Olli's] performance is not acceptable to [Lake Erie College], [Lake Erie College] may terminate this Agreement by giving notice of its decision to [Olli] at least thirty (30) days before the termination date.

(Doc. 21-8 at 6) "EO" appears in handwriting at the bottom of each page, and Olli signs the Agreement's final page beneath a paragraph confirming Olli's understanding and acceptance of the Agreement's terms and conditions. (Doc. 21-8 at 6, 11)

On April 22, 2016, a week before Olli signed the Agreement, Olli received Lake Erie College's "Distinguished Citizen of the Year Award" for "support[ing] the development of [Lake Erie College] programs through service or patronage." (Doc. 22-1 at 2, 10) On May 13, 2016, Francis Curd, Olli's supervisor, finalized an annual job performance review for Olli. To prepare the review, Curd relied on firsthand observation of Olli and feedback from students and faculty. Out of a hundred points available on the review, Olli scored forty-five points, exceeding the floor for "average" by three points. (Doc. 21-3 at 4, 13) In an area on the review for comments, Olli disagreed with Curd's assessment. (Doc. 21-3 at 13; Doc. 21-7 at 122:4–123:20)

Over the next year, Olli's supervisors and colleagues expressed "frustration" with Olli's conduct and performance. (Doc. 21-1 at 3–5; Doc. 21-2; Doc. 21-3 at 5; Doc. 21-4 at 5–9) Olli disputes his colleagues' assessments. (Doc. 21-7 at 122:4–123:20, 156:3–21, 164:6–16; Doc. 22-1 at 3–6) On May 18, 2017, Katie Dinh, who one month earlier had replaced Curd as Olli's supervisor, finalized Olli's annual job performance review. To prepare the review, Dinh relied on firsthand observation of Olli and feedback from Curd and one of Olli's colleagues. (Doc. 21-4 at 2–3) Out of a hundred points available on the review, Olli scored seventy-six points, exceeding the floor for "above average" by two points (Doc. 21-4 at 8)

A few months after Dinh's review, Matthew Bateman, the dean of the School of Dental Medicine, "review[ed] . . . each faculty member" in the school. (Doc. 21-1 at 5) Relying on "personal interactions" with Olli, the reviews by Curd and Dinh, and feedback from colleagues, Bateman "evaluate[d]" Olli's teaching, collegiality, and "fit" at Lake Erie College. Bateman decided to fire Olli. (Doc. 21-1 at 5) On August 22, 2017, Lake Erie College relieved Olli of his duties and notified Olli that his Faculty Employment Agreement would be terminated in thirty days in accord with Section 4.3 of the Agreement. (Doc. 2 at 19–20; Doc. 22-1 at 7)

Under the Agreement, Pennsylvania law controls this action. (Doc. 21-8 at 8) And under Pennsylvania law, *Baker v. Lafayette College*, 504 A.2d 247 (Pa. Super. 1986), *aff'd* 532 A.2d 399 (Pa. 1987), resolves Olli's claim. In *Baker*, Lafayette College employed Baker as a professor for a two-year term. *Baker*, 504 A.2d at 248.

- 3 -

Baker's employment contract obligated the college to review annually Baker's performance with a written evaluation. *Baker*, 504 A.2d at 255. At the conclusion of Baker's term, the college reviewed Baker's evaluations, which criticized Baker's performance, and declined to reappoint Baker. *Baker*, 504 A.2d at 248–49. Arguing that the college had violated an implied "obligation . . . to conduct the evaluation process in good faith," Baker sued the college for breach of contract. *Baker*, 504 A.2d at 255.

An employer's implied "obligation to act in good faith extends only to performance of contractual duties [the employer] has chosen to assume." *Baker*, 504 A.2d at 256. Accordingly, "[t]he [c]ollege was required to render a sincere and substantial performance of [the assumed] contractual undertakings." *Baker*, 504 A.2d at 255. Because the college had afforded Baker all that Baker's employment contract had promised and had done so "honest[ly] and meaningful[ly]," the college had breached neither the contract's express terms nor the implied covenant of good faith. *Baker*, 504 A.2d at 255–56.

Under Section 4.3 of Olli's Faculty Employment Agreement, Lake Erie College had a "right" — not an obligation — to "evaluate [Olli's] performance." (Doc. 21-8 at 6) The Agreement neither specifies a procedure for Lake Erie College's evaluation of Olli's performance nor establishes a baseline for determining whether Olli's performance was "not acceptable." Rather, the Agreement granted Lake Erie College both "sole discretion" to determine whether Olli's performance was "not

acceptable" and permission to fire Olli upon finding Olli's performance "not acceptable." The implied covenant of good faith adds only an obligation to exercise those rights with honesty and in good faith. *Baker*, 504 A.2d at 255.

Olli's affidavit states that he "do[es] not believe that any . . . good faith evaluation occurred." (Doc. 22 at ¶ 45) But the record lacks supports for Olli's opinion. Olli identifies no fact suggesting that Lake Erie College failed to exercise good faith in evaluating Olli, in determining that Olli's performance was not acceptable, or in deciding to fire Olli, all of which was expressly within Lake Erie College's right and "sole discretion." 1 *Corbin on Pennsylvania Contracts* § 32.06 (2018 ed.) ("There is no breach of [the implied covenant of good faith] where a party to a contract has done what the provisions of the contract expressly gave the right to do").

Instead, Olli attempts to rebut facts that might have supported Bateman's decision to fire Olli. (Doc. 22 at 6–10; Doc. 22-1 at 3–6) But *Baker* expressly forecloses Olli's position.

> Under the guise of "good faith," Baker would have us conduct a de novo review of the [c]ollege's decision not to renew his contract. We decline Baker's invitation to reexamine the merits of the [c]ollege's decision or to apply some sort of negligence standard to the myriad of "sub-decisions" involved, such as how much weight to give certain facts or how much investigation into a particular allegation was warranted, because we hold that the only reasonable contruction of the contract between the parties is that at all times the [c]ollege retained its sole discretion to decide whether to reappoint Baker. . . . [U]pon finding, as we have, that the [c]ollege performed all of its contractual obligations fully and in good faith, the terms of the contract require that our inquiry end.

*Baker*, 504 A.2d 256; *see also Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d 418, 432–33 (Pa. 2001) (affirming *Baker*'s reasoning and explaining that a plaintiff "is free to assert . . . that the process . . . that was afforded [the plaintiff] did not comply with [a contract's] terms" but cannot "demand that a jury re-consider and re-decide the merits of [the plaintiff's] termination").

Lake Erie College's motion (Doc. 21) for summary judgment is **GRANTED**. The clerk is directed (1) to enter judgment for Lake Erie College of Osteopathic Medicine, Inc., and against Edward F. Olli, and (2) to close the case.

ORDERED in Tampa, Florida, on April 22, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE